Nicole M. Strickler (IL 6298459)
Messer & Stilp, Ltd.
166 W. Washington St., Suite 300
Chicago, IL 60602
(312)334-3442 (direct)
(312)334-3434 (fax)
strickler@messerstilp.com
PRO HAC VICE PENDING

Neil Sholander (225894)
Mandarich Law Group, LLP
6301 Owensmouth Avenue Suite 850
Woodland Hills, CA 91367
P: (877) 414-0130 EXT 3351
F: (818) 888-1260
neils@mandarichlaw.com

Attorneys for Defendant
MANDARICH LAW GROUP, LLP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHAD ZAND | CASE NO. 13CV00684-JVS-JCG |
| Plaintiff, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| MANDARICH LAW GROUP, LLP, | Hearing Date/Time:_____ |
| Defendant. | Honorable Judge Selna |

1

MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 13CV00684-JVS-JCG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Complaint purports to state a claim for relief against MLG for violations of 15 U.S.C. §1692(c) *et seq* (the "FDCPA") for failing to abide by a request to cease communication. Plaintiff allegedly incurred a consumer debt to original creditor, Bank of America, N.A. Complaint ("CPL"), ¶19. Subsequently, the debt was transferred to CACH, LLC ("CACH") for collection. CPL ¶20. Thereafter, CACH retained Defendant to proceed with legal action against Plaintiff for the collection of the debt. CPL ¶21. On February 1, 2013, Plaintiff requested in writing that Defendant cease and desist from further communications with Plaintiff. CPL ¶22. This request was received by Defendant on the same date. CPL ¶22. Despite receiving Plaintiff's request, Defendant initiated a written communication with Plaintiff dated March 13, 2013 (the "Letter") attempting to collect the alleged debt. CPL ¶23. The letter notified Plaintiff of Defendant's intention to sue and incur court costs and legal fees pursuant to California Code of Civil Procedure §1033. *See,* Exhibit A. As a result, Plaintiff concludes that Defendant committed a violation of 15 U.S.C. §1692(c)(c), which restricts communications that may be made by debt collectors after receipt of a written cease and desist. CPL ¶23.  Defendant, in accordance with its prior warning, filed a state court lawsuit against Plaintiff on April 9, 2013 to collect on the debt. *See,*

Request for Judicial Notice, State Court Complaint. This federal lawsuit followed shortly thereafter.

## II. STANDARD

Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.,* 132 F.3d 526, 529 (9th Cir. 1997). In deciding the motion, the court may consider only the pleadings, that is, "the complaint, the answer, and any written instruments attached as exhibits." *Buraye v. Equifax*, 625 F. Supp. 2d 894, 897 (C.D. Cal. 2008); *see also* FED.R.CIV.PROC. 12(c) (providing that a Rule 12(c) motion for judgment on the pleadings should be converted into a Rule 56 motion for summary judgment if matters outside the pleadings are considered by the court). Additionally, while the court generally may not consider materials outside the complaint and pleadings, the court may consider attachments to the complaint and documents referred to in (but not attached to) the complaint, where the authenticity of such document is not in question. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and those of the state courts and other public

3
MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 13CV00684-JVS-JCG

records, such as records and reports of administrative bodies. *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994).

### III.  ARGUMENT

The problem with Plaintiff's claim is that it fails to consider the exceptions §1692(c)(c) enumerated in §1692(c)(c)(1)-(3). As the Ninth Circuit has explained, the exceptions to §1692(c)(c) are: (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1169 (9th Cir. 2006).

Here, Defendants letter falls squarely within exception (3) as a communication which notifies the consumer that the debt collector or creditor intends to invoke a specified remedy. The Letter is entitled "Notice of Intention to Sue and Incur Court Costs and Legal Fees California Code of Civil Procedure §1033"[1] and advises Plaintiff that Defendant's client has authorized Defendant to

---

[1] Defendant attached Exhibit A, a copy of the letter referenced in Plaintiff's complaint, to Defendant's Answer to Plaintiff's Complaint. As a result, the letter

file a lawsuit to collect the balance owing on the account should the matter not be resolved. The Letter also advises that in the event a lawsuit is filed, Plaintiff could potentially be liable for legal costs and fees pursuant to California Code of Civil Procedure §1033. Pursuant to §1033 Defendant is required to advise Plaintiff of these potential consequences prior to filing suit in order to collect otherwise owing attorneys' fees and costs. As a result, the Letter clearly falls into the exception (3) as a communication which notifies the debtor of Defendant's intention to invoke a specified remedy, the institution of a lawsuit and incur court costs and legal fees.

     Indeed, to hold that a debt collector may not respond to a debtor's cease and desist to advise the consumer that the creditor intended to sue would have several unintended consequences. First, such a holding would strip away the right of a creditor to collect otherwise due and owing attorneys' fees and costs pursuant to California Code §1033.  This result would be inconsistent with the Supreme Court's interpretation of the FDCPA's objective to preserve creditors' judicial remedies. *See*, Heintz v. Jenkins, 514 U.S. 291, 296 (1995).  Second, it would unduly penalize ethical debt collection attorneys from representing their client to the best of their ability and vindicate the legal rights of their client. This would again be contrary to the purpose of the FDCPA because, as the Ninth Circuit has

---

may be considered under Rule 12(c) and additionally because it is referenced in Plaintiff's Complaint. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997).

recognized, the legislative history shows that "Congress enacted the FDCPA to protect consumers from improper conduct and illegitimate collection practices without imposing unnecessary restrictions on ethical debt collectors." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1169-1170 (9th Cir. Or. 2006). Further, "it would be odd of the [FDCPA] empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit." *Heinz*, 514 U.S. at 296. Lastly, prohibiting an attorney from sending a §1033 notice to a consumer after receipt of a cease and desist would be a disservice to the consumer. Effectively, the Court would deny the consumer advanced notice that suit will be filed and that the balance of the debt may increase but that the consumer has the power to prevent this result, knowledge which may materially affect the choice the consumer would make in deciding not to resolve the debt.

As a result, the fact that Letter gives the Plaintiff an additional opportunity to pay the obligation prior to the institution of litigation does not change the analysis. For example, in *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 399 (6th Cir. Ohio 1998) a consumer argued that a letter offering various payment plans, requesting a call, and sent after receipt of a cease and desist violation §1692(c)(c). The court rejected plaintiff's theory and explained that offering to settle a consumer's debt without litigation is not an impermissible demand for payment in violation of §1692(c)(c). Instead, it fell within the exceptions found in

§1692(c)(c)(1-3). In the present case, the Letter advises that Defendant is providing an additional opportunity to pay the debt to avoid litigation and invites the consumer to call Defendant's office. "Allowing debt collectors to send such a letter is not only consistent with the [FDCPA] but also may result in resolution of the debt without resorting to litigation, saving all parties involved the needless cost and delay of litigation as is exemplified by this very case." *Id.* at 399; *see also*, *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (citing *Lewis* favorably for the proposition that a settlement offer is an example of a "specified remedy.")

In sum, as the Letter clearly falls within the exception (3) to §1692(c)(c), Plaintiff has no claim against Defendant and judgment must be entered in its favor.

DATED: June 19, 2013           MANDARICH LAW GROUP, LLP


                               By    /s/ Nicole M. Strickler
                                     Nicole M. Strickler
                                     Attorney for Defendant