**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 North Main Street, Suite 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Mahdad Zand

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDAD ZAND,<br><br>Plaintiff,<br><br>v.<br><br>MANDARICH LAW GROUP, LLP,<br><br>Defendant. | **Case No.:** 13-cv-684 JVS JCG<br><br>**PLAINTIFF MAHDAD ZAND'S OPPOSITION TO DEFENDANT MANDARICH LAW GROUP, LLP'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**DATE:** July 22, 2013<br>**TIME:** 1:30 P.M.<br>**COURTROOM:** 10C<br><br>**HON. JAMES V. SELNA** |

///

///

///

*(left margin, rotated)* KAZEROUNI LAW GROUP, APC / 2700 N. Main Street, Ste. 1000 / Santa Ana, California 92705

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION .................................................................1

II.     STATUTORY BACKGROUND.............................................1

III.    STATEMENT OF FACTS ...................................................2

IV.     LEGAL STANDARD ..........................................................4

V.      ARGUMENT .....................................................................5

    A.    THE NINTH CIRCUIT HELD THAT DEFENDANT'S WRITTEN COMMUNICATION VIOLATES 15 U.S.C. § 1692c(c)...........................5

        1. *Cruz determined that a substantially similar letter to Defendant's March 14, 2013 written communication violated the FDCPA* ........5

        2. *Defendant's March 14, 2013 written communication exceeds 15 U.S.C. § 1692c(c)(3)* .........................................................7

        3. *Strict adherence to the enumerated exceptions would have absolved Defendant of liability* ......................................8

    B.    DEFENDANT'S RELIANCE UPON A DISTRICT COURT OPINION FROM THE STATE OF OHIO THAT CONTRADICTS THE NINTH CIRCUIT SHOULD BE DISREGARDED .............................................................10

VI.     CONCLUSION .................................................................11

# TABLE OF AUTHORITIES

CASES                                                                                    PAGE(S)

*Clark v. Capital Credit & Collection Servs.*,
   460 F.3d 1162 (9th Cir. 2006) ...................................................................1, 7

*Clomon v. Jackson*,
   988 F.2d 1314 (2d Cir. 1993) ...........................................................................2

*Colberg, Inc. v State ex rel Dep't of Pub. Works*
   67 Cal. 2d 408 (Cal. 1967) ...............................................................................4

*Costa v. Nat'l Action Fin. Servs.*,
   634 F. Supp. 2d 1069 (2007) ............................................................................2

*Cruz v. Int'l Collection Corp.*,
   673 F.3d 991, 998 (9th Cir. Cal. 2012) ....................................................passim

*General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*
   887 F.2d 228, 230 (9th Cir. 1989) ....................................................................4

*Gonzales v. Arrow Financial Services LLC*,
   489 F. Supp. 2d 1140 (2007) ............................................................................1

*Hart v. Massanari*,
   266 F.3d 1155 (9th Cir. 2001) ........................................................................10

*IBT Int'l v. Banyon Limited Partnership*,
   2012 Bankr. LEXIS 3684 (9th Cir. 2001) ......................................................10

*Kachig v Boothe*,
   22 Cal. App. 3d 626 (Cal. App. 4th Dist. 1971) ..............................................4

*Lewis v. ACB Bus. Servs.*,
   135 F.3d 389 (6th Cir. Ohio 1998) ...........................................................5, 10

*Lortz v Connell*,
   273 Cal. App. 2d 286 (Cal. App. 1st Dist. 1969) ............................................4

*Middaugh v Board of Trustees*,
   45 Cal. App. 3d 776 (Cal. App. 2nd Dist. 1975) .............................................4

*Owens v. Kaiser Found. Health Plan, Inc.*
   244 F.3d 708 (9th Cir. 2001) ............................................................................4

*Rannard v Lockheed Aircraft Corp.*,
   26 Cal 2d 149 (Cal. 1945) ................................................................................4

*Reichert v. National Credit Systems, Inc.*,
   531 F.3d 1002 (2008) ........................................................................................7

*Silver v Beverly Hills Nat'l Bank*,

---

TABLE OF AUTHORITIES

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

253 Cal. 2d 1000 (Cal. App. 2d Dist. 1967). .................................................4

*Tomlinson v. Indymac Bank, F.S.B.*
 359 F. Supp. 2d 898 (C.D. Cal. 2005) ........................................................4

*Wade v. Regional Credit Ass'n,*
 87 F.3d 1089 (9th Cir. 1996) .......................................................................1

**STATUTES**

*15 U.S.C. § 1692 et seq.* ...............................................................................1

*15 U.S.C. § 1692(a)* .....................................................................................1

*15 U.S.C. § 1692c(c)* ........................................................................3, 6, 7, 8, 9

*15 U.S.C. § 1692c(c)(2)* ................................................................................8

*15 U.S.C. § 1692c(c)(3)* ........................................................................passim

*15 U.S.C. § 1692(e)* .....................................................................................1

*Federal Rule of Civil Procedure, Rule 12(c)* .................................................3

**OTHER AUTHORITY**

*6 Witkin, California Procedure, Proceedings Without Trial §§ 185, 187 (5th ed 2008* ..........................................................................................................4-5

**TABLE OF AUTHORITIES**

# I.   **INTRODUCTION**

Defendant MANDARICH LAW GROUP, LLP's ("Defendant") Motion for Judgment on the Pleadings for Plaintiff MAHDAD ZAND's ("Plaintiff") Complaint should be denied in its entirety because it misreads the statutory text of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and ignores controlling Ninth Circuit authority that directly contradicts Defendant's position.

Therefore, Plaintiff respectfully requests the Court deny Defendant's Motion For Judgment on the Pleadings in its entirety.

# II.   **STATUTORY BACKGROUND**

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses", due to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a), (e); *see also Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1099 (9th Cir. 1996) (discussing purpose of the FDCPA).

The FDCPA is a strict liability statute. *See Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006); *see also Gonzales v. Arrow Financial Services LLC*, 489 F. Supp. 2d 1140, 1153 (S.D. Cal. 2007). As such, the statute is liberally construed to protect the "*least sophisticated debtor.*" *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (emphasis added.) "This objective standard 'ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

the credulous.'" *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1074 (E.D. Cal. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

### III.  STATEMENT OF FACTS

Sometime before December 2012, Plaintiff allegedly incurred financial obligations to the original creditor, Bank of America, N.A., that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6). [Plaintiff's Complaint, ECF No.1 ("Complaint"), page 4, ¶ 19, lines 16-20]. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to CACH, LLC for collection. [Complaint, page 4, ¶ 20, lines 21-22]. Thereafter, but before January 2013, CACH retained Defendant Mandarich, a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations. [Complaint, page 4, ¶ 21, lines 23-25].

On February 1, 2013, Plaintiff faxed a letter to Defendant requesting that Defendant cease and desist all further communications with Plaintiff. [Complaint, page 5, ¶ 22, lines 1-4].  Defendant received said letter at 5:40 pm on February 1, 2013. 23.  [Id.].  Despite receiving Plaintiff's written cease and desist request, Defendant initiated a written communication with Plaintiff dated March 14, 2013 attempting to collect the alleged debt from Plaintiff.  [Complaint, page 5, ¶ 23, lines 5-8]  Defendant's March 14, 2013 written communication stated the following:

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

We have made several attempts to resolve the above-mentioned account with you to no avail.  Our client has authorized us to file a lawsuit to collect the balance owing on the above-referenced account **should we not resolve this matter within ten (10) days from the date of this letter**.

**Please be advised that if you fail to take this opportunity to pay your obligation we will proceed with the filing of a lawsuit against you.** You are hereby notified that pursuant to California Code of Civil Procedure § 1033, if in the event that we do file a lawsuit against you, you will be potentially liable for not only the payment of your debt (including all interest accrued), but for all legal costs, fees and other legal costs pursuant to California law (emphasis added).[1]

Such contact after a cease and desist request was received constitutes a violation of 15 U.S.C. § 1692c(c). [Complaint, page 5, ¶ 23, lines 5-8].

Consequently, Plaintiff brought this lawsuit to recover statutory damages for Defendant's unfair debt collection practices in violation of the Fair Debt Collection Practices Act.  [Complaint, 24, ¶ 24, lines 10-11].  As discussed in further detail below, Defendant's March 14, 2013 written communication fails to comply with 15 U.S.C. § 1692c(c)(3)[2], an exception to the cease and desist rule. Therefore, Plaintiff respectfully requests this Court to deny Defendant's Motion for Judgment on the Pleadings.

///

///

///

///

---

[1] A true and correct copy of Defendant's March 14, 2013 is attached to the Declaration of Matthew M. Loker as Exhibit A.  It should be noted that Plaintiff's counsel believes that Defense counsel intended to attach the letter pursuant to page 4, footnote 1 of Defendant's Motion.  However, Defendant's Exhibit A did not include the letter in question.

[2] "[T]he debt collector shall not communicate further with the consumer with respect to the such debt, except...to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## IV.   <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D. Cal. 2005). Judgment on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.* at 899 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Allegations of fact by the non-moving party are accepted as true and are construed in the light most favorable to that party. *Id.* (quoting *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989)). However, "admissions" of the truth or falsity of allegations in the pleadings "made for the purpose of ruling on the motion vanish as soon as the motion is ruled upon." *Silver v Beverly Hills Nat'l Bank*, 253 Cal. 2d 1000 (Cal. App. 2d Dist. 1967).

In considering the parties' allegations, the court must construe the pleadings liberally. *CCP §452; Mobil Oil Corp. v Exxon Corp*, 177 Cal 3d 942 (Cal. App. 1st Dist. 1986). Thus a defendant's motion for judgment on the pleadings as to the entire complaint should be granted only if there is complete absence of an essential allegation in the cause of action. *Rannard v Lockheed Aircraft Corp.*, 26 Cal 2d 149 (Cal. 1945); and, *Lortz v Connell*, 273 Cal. App. 2d 286 (Cal. App. 1st Dist. 1969).

The court should deny the motion attacking the complaint if the complaint, on its face, states a cause of action, unless the cause of action is conclusively rebutted by matter established by judicial notice. *Colberg, Inc. v State ex rel Dep't of Pub. Works*, 67 Cal. 2d 408 (Cal. 1967); *Middaugh v Board of Trustees*, 45 Cal. App. 3d 776 (Cal. App. 2nd Dist. 1975); *Kachig v Boothe*, 22 Cal. App. 3d 626 (Cal. App. 4th Dist. 1971). See *6 Witkin, California Procedure, Proceedings*

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

*Without Trial §§185, 187 (5th ed 2008).*

## V.   ARGUMENT

Defendant's motion for judgment on the pleadings should be denied since (A) the Ninth Circuit held that Defendant's written communication violates 15 U.S.C. § 1692; and, because (B) defendant relies upon inapplicable erroneously decided authority.

### A.   THE NINTH CIRCUIT HELD THAT DEFENDANT'S WRITTEN COMMUNICATION VIOLATES 15 U.S.C. § 1692c(c).

Defendant's Motion is surprising in light of the fact that Defendant cites to Ninth Circuit authority that directly contradicts Defendant's position.  Following Defendant's discussion of *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 399 (6th Cir.), an erroneously decided District opinion from Ohio, Defendant cites to *Cruz v. Int'l Collection Corp.*, 673 F.3d 991 (9th Cir. Cal. 2012) claiming that *Cruz* favorably cited *Lewis* for the proposition that a settlement offer is an example of a 'specified remedy.'"  Defendant's Motion, page 7, lines 9-10.  However, (1) *Cruz* held that a nearly identical letter violated the FDCPA; and, (2) Defendant's March 14, 2013 written communication exceeds 15 U.S.C. § 1692c(c)(3).

### 1. Cruz *determined that a substantially similar letter to Defendant's March 14, 2013 written communication violated the FDCPA.*

In *Cruz*, plaintiff Herminia Lorenzo Cruz ("Cruz") allegedly incurred an alleged debt to Harrah's Casino in Reno, NV ("Harrah's").  *Cruz*, 673 F.3d at 994.  Thereafter, Harrah's assigned Cruz's alleged debt to defendant International Collection Corporation ("ICC") for collection.  *Id.*  On October 19, 2006, ICC

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

sent a letter to Cruz attempting to collect upon Cruz's alleged debt.  *Id*.   In response to ICC's collection attempt, Cruz sent a certified letter to ICC stating that Cruz disputed the debt and refused to pay the amount in question.  *Id*.  The effect of Cruz's written communication was to require ICC to immediately cease and desist all contact with Cruz.  See 15 U.S.C. § 1692c(c)[3].  Despite receipt of Cruz's cease and desist demand, ICC continued to contact Plaintiff with regard to Plaintiff's alleged debt.  *Id*. at 995.  ICC's final letter stated the following in all capital letters:

> BEFORE COMMENCING A LAWSUIT THROUGH THE OFFICES OF FRANKLIN LOVE, I AM OFFERING YOU THIS FINAL OPPORTUNITY TO PAY THIS ACCOUNT IN FULL OR TO MAKE SATISFACTORY PAYMENT ARRANGEMENTS.
>
> **IF PAYMENT OR SATISFACTORY ARRANGEMENTS ARE NOT MADE WITHIN 10 DAYS HEREOF**, I HAVE BEEN INSTRUCTED TO CONSIDER FILING A LAWSUIT THROUGH OUR LAWYER AGAINST YOU. SHOULD A LAWSUIT BE INITIATED, YOU COULD BE HELD TO PAY NOT ONLY THE PRINCIPAL SUM, BUT ALSO INTEREST, ATTORNEY FEES WHERE APPLICABLE AND COSTS OF SUIT. MR. LOVE HAS STATED THAT SHOULD A LAWSUIT BE FILED A JUDGMENT COULD BE ISSUED, WHICH COULD HAVE THE CONSEQUENCE OF SUBJECTING CERTAIN OF YOUR ASSETS TO GARNISHMENT OR SEIZURE. IN ADDITION, THIS ENTIRE MATTER COULD HAVE A NEGATIVE IMPACT ON YOUR CREDIT RATING (emphasis added)." *Id*.

///

///

---

[3] "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt..."

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Following receipt of ICC's eighth written communication, Cruz filed suit in the Northern District of California on February 19, 2008 alleging various violations of federal and state law, including violation of 15 U.S.C. § 1692c(c). *Id*. at 995-996.   Subsequently on July 31, 2009, Cruz and ICC filed cross Motions for Summary Judgment.   In ICC's Motion for Summary Judgment, ICC argued that ICC's letter satisfied the exception to the cease and desist rule which permits a debt collector to notify the consumer that the debt collector or creditor intends to invoke a specified legal remedy.  See 15 U.S.C. § 1692c(c)(3).   After reviewing the parties' arguments, the Ninth Circuit held that

> [n]one [of ICC's letters] fall under any of the three exceptions. [The letters] were merely continued attempts to collect. Therefore, ICC's letters to Cruz also violated § 1692c(c) of the FDCPA.

*Id*. at 998.

Here, *Cruz* mirrors the situation at bar.  Quite simply, Defendant received Plaintiff's cease and desist demand on February 1, 2013.  [Complaint, 5, ¶ 22, lines 1-4].   Despite receipt of this demand, Defendant continued Defendant's attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C. § 1692c(c). [Complaint, page 5, ¶ 23, lines 5-8].   On identical facts, the Ninth Circuit held that such conduct constitutes a violation of the FDCPA.   Therefore, Defendant's Motion should be denied.

## 2. *Defendant's March 14, 2013 written communication exceeds 15 U.S.C. § 1692c(c)(3).*

As stated above, the FDCPA is a strict liability statute.[4]  In enacting the FDCPA, the Legislature created three exceptions to the general cease and desist

---

[4] "[T]he FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional." *Reichert v. National Credit Systems, Inc., 531 F.3d 1002, 1004 (2008)* ("After the district court ruling, and after this appeal was briefed, our court decided [*Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162 (2006)*], which made clear that the FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional.") *Id*.  Because of the FDCPA's strict liability nature, proof of one violation is sufficient to support a ruling in a

rule. Specifically, the debt collector shall not communicate further with the consumer with respect to such debt, except –

1) to advise the consumer that the debt collector's further efforts are being terminated[5];

2) to notify the consumer that the debt collector...may invoke specified remedies which are ordinarily invoked by such debt collector[6]...; or,

3) to notify the consumer that the debt collector...intends to invoke a specified remedy[7].

Here, Defendant deviated from these explicit exceptions by demanding payment from Plaintiff. As noted in *Cruz*, the inclusion of a demand made in conjunction with any of the exceptions listed above constitutes a violation of the FDCPA. *Cruz*, 673 F.3d at 998. As will be discussed below, had Defendant limited Defendant's written communication to the explicit terms of 15 U.S.C. § 1692c(c)(3), Defendant would not have violated the FDCPA. Based upon controlling Ninth Circuit authority, Defendant's Motion should be denied.

### 3. *Strict adherence to the enumerated exceptions would have absolved Defendant of liability.*

Notwithstanding controlling authority to the contrary, Defendant argues that if this Court rules against Defendant

///

///

///

---

plaintiff's favor. *Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046 (2002).

[5] 15 U.S.C. § 1692c(c)(1)

[6] 15 U.S.C. § 1692c(c)(2)

[7] 15 U.S.C. § 1692c(c)(3)

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

> the Court would deny the consumer advanced notice that suit will be filed and that the balance of the debt may increase but that the consumer has the power to prevent this result, knowledge which may materially affect the choice the consumer would make in deciding not to resolve the debt.

Defendant's Motion, page 6, lines 12-16.

However, Defendant fails to acknowledge that it is entirely possible to comply with 15 U.S.C. § 1692c(c)(3) without violating a consumer's cease and desist request. Such a letter would strictly state that the debt collector intended to file suit against the consumer and that the debt collector may seek to recover court costs as well. Defendant's addition of a demand for payment after Plaintiff explicitly informed Defendant that Plaintiff refused to pay constitutes a violation of 15 U.S.C. § 1692c(c). *Cruz*, 673 F.3d at 998.

An example of a written communication sent in strict compliance with the cease and desist exceptions is the October 26, 2012 written communication sent by Hunt & Henriques, Attorneys at Law ("H&H").[8] H&H's October 26, 2012 written communication provides the necessary information to the consumer that would allow said consumer to make an informed decision. However, this letter does not exceed the enumerated exceptions by also demanding payment from the consumer. By including this demand in this matter, Defendant wholly disregarded the written communication that Defendant received from Plaintiff. Since Defendant's March 14, 2013 written communication exceeds the exceptions to 15 U.S.C. § 1692c(c), Defendant's Motion for Judgment on the Pleadings should be denied.

///

///

///

///

_____

[8] A redacted copy of said written communication is attached to the Declaration of Matthew M. Loker as Exhibit B.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## B.  DEFENDANT'S RELIANCE UPON A DISTRICT COURT OPINION FROM THE STATE OF OHIO THAT CONTRADICTS THE NINTH CIRCUIT SHOULD BE DISREGARDED.

The sole authority relied upon by Defendant is the Ohio District Court case of *Lewis v. ACB Bus. Servs.*, 135 F.3d 389 (6th Cir. 1998).  *Lewis* should be disregarded because it directly contradicts binding authority from the Ninth Circuit that considered the very situation currently at issue.   The Ninth Circuit has repeatedly stated the axiom that "circuit law 'binds all courts within a particular circuit.'"  *IBT Int'l v. Banyon Limited Partnership* (In re IBT Int'l), 2012 Bankr. LEXIS 3684, 2012 WL 3264243 (9th Cir. 2012) quoting *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).  "Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is.  Rather, caselaw on point is the law (emphasis in original)."  *Hart*, 266 F.3d at 1170.  Finally, "[b]inding authority must be followed unless and until overruled by a body competent to do so."  *Id.*

Here, no competent body has overruled *Cruz*; thus, *Cruz* is the law in the Ninth Circuit.  Pursuant to *Cruz*, a written communication sent after receipt of a cease and desist demand that attempts to collect upon an alleged debt violates 15 U.S.C. § 1692c(c).  Thus, Defendant's Motion should be denied.

///
///
///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## VI.   <u>CONCLUSION</u>

Plaintiff respectfully requests the Court deny Defendant's Motion in its entirety.  Should the Court grant Defendant's Motion, in whole or in part, Plaintiff respectfully requests leave to amend the Complaint of any deficiencies.


Dated: July 1, 2013                                    Respectfully submitted,


                                            KAZEROUNI LAW GROUP, APC


                                            By:   ___/s/ Abbas Kazerounian____
                                                     ABBAS KAZEROUNIAN, ESQ.
                                                     ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705