UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-00684 JVS (JCGx)                    Date  August 19, 2013

Title  Mahad Zand v. Mandarich Law Group, LLP

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Matthew M. Loker | Neil Sholander |

**Proceedings:   Defendant's Motion for Judgment on the Pleadings (Fld 7-17-13)**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the defendant's motion and rules in accordance with the tentative ruling as follows:**

This matter is before the Court on Defendant Mandarich Law Group, LLP's Motion for Judgment on the Pleadings. (Docket No. 15.) Timely Opposition and Reply briefs have been filed. (Docket Nos. 19-20.)

As set forth below, the Court grants the Motion for Judgment on the Pleadings.

I.   Factual Allegations

Plaintiff incurred a financial obligation to non-party Bank of America, N.A. (Compl. ¶ 19.)  The debt was transferred to non-party CACH, LLC, for collection. (Compl. ¶ 20.)  Sometime around January 2013, CACH retained Defendant Mandarich Law Group, LLP ("Mandarich") to take legal action against Plaintiff to collect the debt. (Compl. ¶ 21.)

On February 1, 2013, Plaintiff demanded via faxed communication that Mandarich cease and desist from communicating with Plaintiff.  (Compl. ¶ 22.)  Despite Plaintiff's demand, Mandarich sent a written communication dated March 14, 2013 attempting to collect the debt.  (Compl. ¶ 23.)

Specifically, Mandarich sent a letter that informed Plaintiff of its "INTENTION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-00684 JVS (JCGx)                    Date  August 19, 2013

Title  Mahad Zand v. Mandarich Law Group, LLP

TO SUE AND INCUR COURT COSTS AND LEGAL FEES." (Pltf.'s Ex. A.)[1] The letter first notes that Mandarich has "made several attempt to resolve" Plaintiff's debt. (Id.) Next, it advises Plaintiff that it will file suit if the matter is resolved within ten days. (Id.) Thereafter, it sets forth the disclosure required by California Code of Civil Procedure § 1033.[2] (Id.)

On these facts, Plaintiff asserts a violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

II.     Legal Standard for Dismissal Pursuant to Rule 12(c)

Judgment on the pleadings is appropriate when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 12(c); Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Thus, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

Pursuant to Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. To survive such a motion, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly , the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Most succinctly stated, a

---

[1] Plaintiff incorporates the letter by reference in the Complaint. (Compl. ¶ 23.) Thus, it is properly considered in connection with the present Motion for Judgment on the Pleadings. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

[2] Section 1033(b)(2) permits an award of certain costs only when a plaintiff informs the a defendant that the plaintiff intends to file a lawsuit and that the resulting judgment could result in imposition of costs and other disbursements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00684 JVS (JCGx)                          Date   August 19, 2013

Title    Mahad Zand v. Mandarich Law Group, LLP

pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

III.    Discussion

Plaintiff asserts a claim under 15 U.S.C. § 1962c(c), which prohibits debt collectors from communicating with consumers after the consumer notifies the debt collector in writing to cease communication. This general prohibition is subject to three limited exceptions. Id. Specifically, § 1962c(c) provides:

> (c) Ceasing communication
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> 2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00684 JVS (JCGx)                                    Date   August 19, 2013

Title   Mahad Zand v. Mandarich Law Group, LLP

     Mandarich argues that the March 14, 2013 letter to falls into the third exception. (Motion at 4.)  The Court agrees.  From an examination of the letter's content, it is clear that it is meant to convey to Plaintiff that Defendant intends to file suit, that is, to "invoke a specified remedy."  15 U.S.C. § 1962c(c)(3).

     The only part of the letter that arguably falls outside this exception is the first paragraph, which in its entirety states:

> We have made several attempts to resolve the above-mentioned account with you to no avail.  Our client has authorized us to file a lawsuit to collect the balance owing on the above-reference account should we not resolve this matter within ten (10) days from the date of this letter.

(Pltf.'s Ex. A.)  This language informs Plaintiff that should he fail to pay the debt, Mandarich would file suit.

     In Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399 (6th Cir. 1998), the Sixth Circuit considered whether similar language fell into the second exception, which permits communication "to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor."  Id.  Therein, the Court construed language that informed the plaintiff that the failure to pay would likely trigger the creditor's ordinary practice of "invok[ing the] remedy" of litigation, was an acceptable "offer[] to settle [the plaintiff's] debt without litigation" (i.e., resort to a particular remedy) and informed the plaintiff that, absent such a settlement, the creditor would normally "invoke[ the] remedy" of litigation (i.e., the creditor's ordinarily invoked remedy).  Id.

     The Ninth Circuit has cited this holding with approval, and has adopted Lewis's central proposition that an offer of settlement without litigation "is an example of a 'specified remedy'" within the meaning of § 1962c(c).  Cruz v. Int'l Collection Corp., 673 F.3d 991, 998 (9th Cir. 2012) (quoting Lewis, 135 F.3d at 399).  Thus, the Court concludes that the March 14, 2013 letter falls within the exceptions to the general prohibition set forth in § 1962c(c).

     Plaintiff's reliance on Cruz does not convince the Court that a contrary result

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00684 JVS (JCGx)               Date   August 19, 2013

Title   Mahad Zand v. Mandarich Law Group, LLP

should be reached. In Cruz, although relying on Lewis for the point noted above, the Court nevertheless held that the particular communication at issue did not fall into any of the three exceptions. Cruz, 673 F.3d at 998. However, the language of that communication differs in significant ways from that at issue here. See id. at 995.

In Cruz, after the plaintiff sent a cease-and-desist letter, the creditor sent a letter that first made an offer to permit the plaintiff to pay the account in full or to make payment arrangements.[3] Id. Next, the letter strays outside of the scope of the exceptions by communicating that it was "*considering*" invoking the specific remedy of litigation. See id. By communicating what specific remedy it *might* invoke, rather than what specific remedy it *ordinarily* invokes, as permitted by § 1962c(c)(2), or what specific remedy it *actually intends* to invoke, as permitted by § 1962c(c)(3), the creditor violated the general prohibition of § 1962c(c). Such is not the case here.

Here, Mandarich first makes an offer of settlement without litigation, a communication which Cruz (relying on Lewis) expressly authorizes, and thereafter advises Plaintiff of the intent to file a legal action, including providing the notice required by § 1033(b)(3) of the California Code of Civil Procedure. Unlike the letter in Cruz, Mandarich's communication does not equivocate on what it may (or may not) do. Instead, it informs Plaintiff of the intention to invoke a specified remedy. Thus, Cruz does not apply.

IV.   Conclusion

As set forth herein, the Court grants the Motion for Judgment on Pleadings and dismisses the sole claim asserted in the present action.

**IT IS SO ORDERED.**

                                                                    :      10

                                              Initials of Preparer    kjt

---

[3] The Cruz court does not specifically address the issue, but the Court assumes the adoption of Lewis's holding is an implicit recognition that this portion of the communication at issue falls within one of the exceptions.